# Exhibit A



STATE OF IDAHO } ss
COUNTY OF KOOTENAI
THIS IS TO CERTIFY THAT THE FOREGOING IS A TRUE COPY OF THE ORIGINAL NOW ON FILE OR RECORD IN THIS OFFICE.
SEALED ON THIS 7th DAY OF August, 2020
JIM BRANNON, CLERK OF THE DISTRICT COURT BY _____ Deputy
pgs. 1-8 of 8

Electronically Filed
7/31/2020 3:49 PM
First Judicial District, Kootenai County
Jim Brannon, Clerk of the Court
By: Amanda Eidson, Deputy Clerk

Michelle K. Fossum, ISBA No. #7860
Sayre Sayre & Fossum, P.S.
201 W. North River Dr., Suite #460
Spokane, WA 99201
Tel: (509) 325-7330   Fax: (509) 325-7335
michelle@sayrelaw.com
gina@sayrelaw.com

Attorneys for Plaintiff

## IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF KOOTENAI

| | |
|---|---|
| CHRISTIE M. BOSS, <br><br>　　　　Plaintiff, <br><br>vs. <br><br>LaRIVIERE, INC., an Idaho for profit corporation, and THOMAS LaRIVIERE, III, a married man, <br><br>　　　　Defendants. | No.: CV28-20-4686 <br><br> COMPLAINT FOR DAMAGES |

Plaintiff Christie Boss, by and through her undersigned counsel of record, Michelle K. Fossum of Sayre Sayre & Fossum, P.S., asserts the following claim against Defendants LaRiviere, Inc. and Thomas LaRiviere, III.

### I. PARTIES

1.1   Christie Boss is a single woman who at all times relevant hereto was a resident of Kootenai County, Idaho.

COMPLAINT FOR DAMAGES . . . P. 1

Haynes, Lansing L.

1.2   LaRiviere, Inc. is an Idaho for profit corporation with a business address of 17564 N. Dylan Ct., Rathdrum, Idaho, 83858-8328.

1.3   Thomas LaRiviere, III is a married man residing in Kootenai County, Idaho. LaRiviere's acts and omissions as set forth herein were done in the course and scope of his employment with LaRiviere, Inc.

## II. JURISDICTION AND VENUE

2.1   Jurisdiction is proper in the District Court pursuant to I.C. § 1-705(1) which provides that the district courts have original jurisdiction in all cases and proceedings.

2.2   Venue is proper in the First Judicial District for the County of Kootenai pursuant to I.C. § 5-404 which provides that venue is proper in the county in which the Defendant, or some of them, reside at the commencement of the action.

2.3   On July 10, 2020, the Idaho Human Rights Commission issued a Notice of Administrative Dismissal and Right to Sue letter to Plaintiff Christie Boss.

## III. RELEVANT FACTS

3.1   Defendant LaRiviere, Inc. hired Plaintiff Christie Boss ("Boss") as its Controller in October 2014. Boss reported to Thomas LaRiviere, III in his capacity as President of LaRiviere, Inc.

3.2   During the course of Boss's employment with LaRiviere, Inc. she was routinely subjected to unwelcome, offensive comments and touching by Defendant Thomas LaRiviere, III. Specifically, Thomas LaRiviere, III engaged in the following behaviors:

    3.2.1   Commented on Boss's hair and makeup;

3.2.2 Told Boss that her jeans were fitting really good (sic);

3.2.3 Stared at her and stated "I'm just wondering what you have on under that shirt."

3.2.4 Touched her shoulder;

3.2.5 Brushed his hand across her breasts;

3.2.6 Rested his hand on her thigh;

3.2.7 Kissed her;

3.2.8 Brought champagne into the office for the two of them to share;

3.2.9 Told Boss she was "hot" and that he couldn't take his eyes off of her.

3.2.10 Had intercourse with her;

3.2.11 Rubbed her thigh;

3.2.12 Commented about her legs;

3.2.13 Texted her and asked her to do something "reckless";

3.2.14 Asked her to drink alcohol with her while naked.

3.2.15 When Boss explained that she missed a call from him because she was in the shower, he replied "wtf why didn't you facetime me?"

3.2.16 Sent her a picture saying it is "flash a truck driver week", and stated that he wished he was a truck driver and asking if she "did her deed for the week".

3.3 On or about August 26, 2018, Boss told Thomas LaRiviere, III that his sexual conduct must stop.

3.4 After Boss opposed the sexually harassing behaviors, Defendants retaliated against Boss by excluding her from meetings and other work events, questioning her work performance and ultimately replacing and terminating her.

3.5   In October of 2018, Boss noticed a lump growing on her head.

3.6   During the first week of November 2018, a dermatologist examined the lump and determined it must be removed.

3.7   The lump was surgically removed on Friday, November 16, 2018. The dermatologist advised Boss that it was most likely cancerous, and that he would send the lump to the laboratory for testing to be sure.

3.8   Boss called Thomas LaRiviere, III after the surgery on November 16, 2018 to notify him of the diagnosis and confirm that she would be at work on Monday, November 19, 2018.

3.9   On November 26, 2018, Boss was notified that the lump was B-cell follicular lymphoma and she was referred to an oncologist.

3.10   Boss notified Thomas LaRiviere, III of the diagnosis and that she would likely need some time off work for treatment related to the cancer diagnosis.

3.11   On November 28, 2018, Lori Toews ("Toews") began work as the Chief Financial Officer for LaRiviere, Inc.

3.12   When Boss inquired what her duties would be, Boss was informed that Toews would be taking over all of Boss's duties.

3.13   On December 4, 2018, Toews told Boss that her pay would be cut.

3.14   On December 5, 2018, Boss's on-line banking access and company credit cards were cancelled.

3.15   On December 17, 2018, Boss's remote access to her laptop was cancelled.

3.16   In December, 2018, Thomas LaRiviere, III stopped taking Boss's calls and refused to meet with her.

3.17   Recognizing that she was no longer employed, Boss turned in her keys on December 19, 2018.

## IV. CAUSES OF ACTION

4.1     DISABILITY DISCRIMINATION.

    4.1.1  Plaintiff reasserts, realleges and incorporates by reference each paragraph previously set forth herein.

    4.1.2  Plaintiff's diagnosis of cancer constitutes an actual or perceived disability.

    4.1.3  Defendant Thomas LaRiviere, III was aware of Boss's disability.

    4.1.4  Defendants terminated Boss as a direct result of her disability in violation of Idaho's Human Rights Act, I.C. 67-5901-5911 and the federal American's with Disabilities Act, 42 U.S.C. § 12112(a).

    4.1.5  As a direct and proximate result of Defendants' discrimination, Plaintiff has suffered economic and noneconomic damages in an amount to proven at trial.

4.2     SEXUAL HARASSMENT.

    4.2.1  Plaintiff reasserts, realleges and incorporates by reference each paragraph previously set forth herein.

    4.2.2  Thomas LaRiviere, III's unwelcome and offensive conduct and statements directed at Plaintiff Boss as a result of her gender was severe and pervasive and created a hostile work environment constituting unlawful sexual harassment in violation of Idaho's Human Rights Act, I.C. 67-5901-5911 and Title VII of the Civil Rights Act of 1964, as amended.

4.2.3  Thomas LaRiviere, III's unwelcome and offensive conduct described herein constitutes quid pro quo sexual harassment of Boss.

4.2.4  LaRiviere, Inc. is vicariously liable for Thomas LaRiviere, III's sexual harassment of Plaintiff Boss.

4.2.5  As a direct and proximate result of Defendants' sexual harassment, Plaintiff Boss has suffered economic and noneconomic damages in an amount to proven at trial.

4.3  RETALIATION.

4.3.1  Plaintiff Boss reasserts, realleges and incorporated by reference each paragraph previously set forth herein.

4.3.2  Plaintiff Boss engaged in protected opposition activity on or about August 26, 2018 when she told Thomas LaRiviere, III that his sexually harassing behavior must stop.

4.3.3  Thomas LaRiviere, III's knowledge of Plaintiff Boss's opposition activity is imputed to the employer, LaRiviere, Inc.

4.3.4  Thomas LaRiviere, III and LaRiviere, Inc. took adverse action against Plaintiff Boss as a result of her opposition activity by excluding her from meetings, keeping information from her and ultimately replacing and discharging her from employment.

4.3.5  Defendants adverse action is causally related to the opposition activity.

4.3.6 As a direct and proximate result of Defendants' retaliation, Plaintiff Boss has suffered economic and noneconomic damages in an amount to proven at trial.

4.4    CONSTRUCTIVE DISCHARGE.

4.4.1 Plaintiff Boss reasserts, realleges and incorporates by reference each paragraph previously set forth herein.

4.4.2 Defendants effectively terminated Plaintiff Boss by (a) replacing her with Lori Toews; (b) eliminating her duties; advising her that her pay would be lowered; (c) ceasing to make her student loan payment; (d) cancelling her on-line banking access; (e) cancelling her company credit cards; and (f) terminating her remote access to her laptop computer.

4.4.3 As a direct and proximate result of Defendants' constructive discharge, Plaintiff has suffered economic and noneconomic damages in an amount to proven at trial.

## V. REQUEST FOR RELIEF

Based on the foregoing, Plaintiff Boss asserts the following request for relief:

5.1    Judgment against Defendants for lost past and future wages and benefits in an amount to be proven at trial; and

5.2    Judgment against Defendants for general damages in an amount to be proven at trial; and

5.3 An award of prejudgment interest to the extent allowed by law; and

5.4 Such other and further relief as appropriate.

Dated this 31st day of July, 2020.

SAYRE SAYRE & FOSSUM, P.S.

*Michelle K. Fossum*
Michelle K. Fossum, ISBA #7860
Attorney for Plaintiff Christie Boss