**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**
**NORTHERN DIVISION**

| | |
|---|---|
| CHRISTIE M. BOSS | PLAINTIFF |
| VS. | 2:20-CV-00405-BRW |
| LaRIVIERE, INC., and THOMAS LaRIVIERE | DEFENDANTS |

**ORDER**

Pending is Defendants' Motion to Dismiss Defendant Thomas LaRiviere, III (Doc. No. 4). Plaintiff has responded.[1] For the reasons stated below, Defendants' motion is GRANTED.

**I.  BACKGROUND**

On July 31, 2020, Plaintiff filed her complaint in Idaho state court alleging disability discrimination, sexual harassment, retaliation, and constructive discharge claims under the Americans with Disabilities Act[2] ("ADA"), Title VII of the Civil Rights Act of 1964[3] ("Title VII"), and the Idaho Human Rights Act[4] ("IHRA") against both LaRiviere, Inc. and Thomas LaRiviere, III ("LaRiviere"), president of LaRiviere, Inc., in his personal capacity as an employee.[5] On August 17, 2020, Defendants removed the case to federal district court.[6]

---

[1] Doc. No. 8.

[2] 42 U.S.C. § 12101 *et. seq.*

[3] 42 U.S.C. § 2000e *et. seq.*

[4] Idaho Code Ann. § 67-5901 *et. seq.*

[5] Doc. No. 1-2, pp. 6-8. Title VII and the ADA apply to "employers" who hire 15 or more employees. 42 U.S.C. § 2000e(b); 42 U.S.C. § 12111(5)(A). The IHRA applies to "employers" who hire 5 or more employees. Idaho Code Ann. § 67-5902(6).

[6] Doc. No. 1.

1

On August 19, 2020, Defendants filed the pending motion.⁷  Defendants contend that LaRiviere cannot be held personally liable for Plaintiff's claims under the applicable law; therefore, Plaintiff has failed to state a claim against LaRiviere upon which relief can be granted.⁸  Plaintiff concedes that the Ninth Circuit's controlling case, *Miller v. Maxwell's Int'l Inc.*,⁹ prohibits individual liability in descrimination cases brought under Title VII.  However, Plaintiff argues that the United States Supreme Court's recent decision in *Bostock v. Clayton Cty., Ga.*,¹⁰ has "impliedly abrogated" the Ninth Circuit's rule.¹¹  Plaintiff contends that I should ignore precedent that prohibits personal liability claims under the ADA, Title VII, and the IHRA. I disagree.

## II.     APPLICABLE LAW

To "survive a rule 12(b)(6) motion to dismiss, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face."¹²  "In assessing whether a party has stated a claim upon which relief can be granted, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party[.]"¹³  "[C]onclusory allegations of law and unwarranted inferences", however, "are insufficient to avoid" dismissal.¹⁴  "The court

---

⁷Doc. No. 4.

⁸Doc. No. 4-1, p. 1.

⁹991 F.2d 583 (9th Cir. 1993).

¹⁰140 S. Ct. 1731 (2020).

¹¹Doc. No. 8, p. 3.

¹²*Turner v. City and County of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015) (internal citations omitted).

¹³*Id.*

¹⁴*Id.*

will assume the veracity of well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief."[15] This plausibility standard requires more than "a sheer possibility that a defendant has acted unlawfully" but "is not akin to a probability standard."[16] "A claim has facial plausibility when the plaintiff pleads content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17]

### III. DISCUSSION

In *Miller v. Maxwell's Intern., Inc.*, the Court of Appeals for the Ninth Circuit held that liability under Title VII does not extend to individual defendants.[18] The court reasoned that since "Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees."[19] The court concluded that the "obvious purpose" of including "any agent of the employer" in the definition of "employer" in Title VII was "to incorporate respondeat superior liability into the statute."[20] Furthermore, the court held that Title VII's purpose of eliminating work place discrimination would be satisfied because "employer liability will sufficiently motivate them so as to disabuse their supervisors of the notion that discrimination has no personal consequences."[21]

---

[15]*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[16]*Turner*, 788 F.3d at 1210 (9th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).

[17]*Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007 (9th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).

[18]*Miller v. Maxwell's Int' Inc.*, 991 F.2d 583, 587 (9th Cir. 1993).

[19]*Id.*

[20]*Id.*

[21]*Id.*

3

The Supreme Court of Idaho also has held that there is no individual liability of an employee under the IHRA.[22]

In *Walsh v. Nevada Dep't of Human Res.*, the Ninth Circuit addressed personal liability under the ADA.[23] There, the court found the statutory scheme and language of the ADA and Title VII were identical in many respects. Specifically, the ADA's definition of "employer" tracked that of Title VII, and both statutes limited liability to employers with 15 or more workers.[24] The court also recognized that both statutory schemes used the same "powers, remedies and procedures" as those set forth in Title VII.[25] Based on the similar statutory schemes, the court barred personal liability claims brought under the ADA.[26]

Defendants argue that the "text, structure, and logic" of Title VII support the prohibition of personal liability for employment discrimination claims.[27] Defendants contend that Plaintiff has not provided sufficient justification to defy precedent and enter a ruling contrary to *Miller*. Moreover, Defendants assert, since LaRiviere cannot be held liable under the applicable law, Plaintiff has failed to make a legally sufficient claim against him.

---

[22]*Paterson v. State*, 128 Idaho 494, 501, 915 P.2d 724, 731 (1996) (citing *Foster v. Shore Club Lodge*, 908 P.2d 1228 (1995)).

[23]*Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1037-38 (9th Cir. 2006) (citing other circuit courts that have prohibited personal liability for ADA claims, *e.g.*, *Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 177 (3rd Cir. 2002); *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n. 1 (6th Cir. 1999); *Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996); *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279–80 (7th Cir. 1995).

[24]*Id.* at 1038 (comparing 42 U.S.C. § 2000e(b) with 42 U.S.C. § 12111(5)(a) where both statutes limit liability to employers with 15 or more employees).

[25]*Id.* (noting that the ADA, 42 U.S.C. § 12117(a), specifically adopted the language used in Title VII, 42 U.S.C. § 2000e(4)-(9)).

[26]*Id.*

[27]Doc. No. 4.

Plaintiff argues that by its express language, Title VII renders both an employer and its agents liable. Plaintiff further contends that the Supreme Court's holding in *Bostock* effectively eliminated the *Miller* court's interpretive framework that underpins its decision. Plaintiff contends that if *Miller* falls, then the holdings that relied on it to extend the prohibition of personal liability to the ADA and IHRA must be overturned as well.

I find nothing in *Bostock* that requires the reconsideration of *Miller*. There, the Supreme Court considered who was covered under Title VII.[28] Here, the question is who can be held liable under Title VII. Plaintiff contends that *Miller*'s reliance on legislative intent in its analysis was misguided. Plaintiff asserts *Miller* must be overruled in light of *Bostock*'s "plain meaning" rule that the Court applied to Title VII.[29] However, in *Bostock*, the Court was analyzing a different part of Title VII.[30] There, the Court recognized the usefulness of legislative history in clearing up ambiguities, but concluded no ambiguities existed in the section of Title VII under consideration.[31] The *Miller* court stated that a "plain meaning" reading imposing liability on agents "is not without merit."[32] However, the court proceeded with its analysis of legislative history and applied what it viewed as the controlling precedent in the case.[33]

---

[28]*Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731, 1739 (2020).

[29]*Id.* at 1749.

[30]*Compare Id.* at 1738 (stating "[w]e must determine the ordinary public meaning of Title VII's command that it is 'unlawful ... for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.' § 2000e–2(a)(1)"), *with Miller v. Maxwell's Int'l Inc.*, 991 F.2d at 587 (comparing the liability schemes under Title VII 2000e–5(g) and the ADEA 29 U.S.C. § 626(b)).

[31]*Id.* at 1749.

[32]*Miller*, 991 F.2d at 587.

[33]*Id.* (citing *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir.1982)).

5

Even if I found merit in Plaintiff's argument, I am bound by the Ninth Circuit's precedent and must apply it. The Ninth Circuit has consistently held that Title VII does not provide a separate cause of action against supervisors or co-workers.[34] The fact that the ADA's and IHRA's relevant language tracks the language of Title VII, extends the prohibition against individual liability to Plaintiff's ADA and IHRA claims against LaRiviere in his personal capacity.

## CONCLUSION

For the reasons stated above, Defendants Motion to Dismiss (Doc. No. 4) is GRANTED. Plaintiff's claims against LaRiviere in his individual capacity are dismissed with prejudice.

IT IS SO ORDERED this 9th day of October, 2020.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[34] *See Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007); *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d at 587–88.