IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTIE M. BOSS,<br><br>     Plaintiff,<br><br>v.<br><br>LaRIVIERE, INC., an Idaho for-profit corporation, and THOMAS LaRIVIERE, III, a married man,<br><br>     Defendants. | Case No. 2:20-cv-00405-DCN<br><br>**ORDER ADOPTING STIPULATED MOTION FOR DISMISSAL WITH PREJUDICE WHILE RETAINING CERTAIN ANCILLARY ENFORCEMENT JURISDICTION** |

  THIS MATTER, having come before the Court on the Parties' Stipulated Motion for Dismissal with Prejudice While Retaining Certain Ancillary Enforcement Jurisdiction (Dkt. 82) ("Stipulated Motion"), and the Court being fully advised on this matter,

  IT IS HEREBY ORDERED that the terms of the Parties' Stipulated Motion (Dkt. 82) shall be, and hereby is, APPROVED as follows:

  1. Any and all claims in this case are hereby dismissed immediately and forever, with prejudice, and without an award of fees or costs to any Party.

  2. The Court shall retain ancillary jurisdiction, under the present cause number, for purposes of receiving and addressing enforcement of a Confession of Judgment ("Confession of Judgment"), if the need for filing and enforcing that Confession of Judgment arises in the future upon breach of certain payment terms under the Parties' settlement agreement, which was entered into separately between the Parties ("Settlement Agreement"). *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994);

ORDER OF DISMISSAL WITH PREJUDICE & RETAINED JURISDICTION - 1

*K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014).  All Parties consented to this ancillary jurisdiction for such Confession of Judgment filing and enforcement purposes and waived jurisdictional objections to the same to the extent permitted by law.

3. The retained ancillary jurisdiction stated in Paragraph 2 above shall not extend to reopening or relitigating any claims that were or could be asserted in the underlying case as such shall remain forever dismissed with prejudice per Paragraph 1 above (and the Parties' Settlement Agreement), regardless of any breach of the Settlement Agreement or filing of the Confession of Judgment.

4. The Court shall also not be divested of any other jurisdiction it otherwise retains on any matter independent of the Stipulated Motion or the dismissal of this action. *See, e.g.*, Dkt. 42 & Ex. A thereto (previously entered protective order with post-suit jurisdiction over certain confidentiality terms).

5. In the event of any future conflict between the Stipulated Motion (and this resulting Order) and the Settlement Agreement, the Settlement Agreement shall prevail, to the extent permitted by law.

6. The Clerk/Court Executive shall enter the order of dismissal of this action on the terms and conditions specified herein.

DATED: March 18, 2025

_____
David C. Nye
Chief U.S. District Court Judge